*699 OPINION.
TueneR:
The disputed deduction was claimed as a bad debt in petitioner’s return, but in his petition he abandoned that theory and claimed it to be deductible as a payment made in connection with the operation of his regular trade or business. Whether the deduction is claimed as an ordinary and necessary business expense or a business loss is not clear from the pleadings nor from the discussion. Inasmuch, however, as the payment must be shown to have been made in connection with the petitioner’s business, whether claimed as an expense or a loss, our subsequent discussion will show that it makes *700 no difference on the record before us whether the deduction is claimed as a business loss or an ordinary and necessary business expense.
The satisfaction of the bond given by the petitioner in connection with the injunction proceedings seems to be the basis for the petitioner’s claim that the item of $10,500 paid to the bank constituted an ordinary and necessary business expense or a loss incurred in his business. The petitioner has failed, however, to provide us with the facts necessary to sustain such a contention.
The most definite information with reference to the purpose of the payment is to be found in the endorsement contained on the check, to the effect that it was given as “ Settlement of all issues between the Guaranty Bank and Trust Company, B. G. Dickey, Luther Wallin, and Loraine Wallin Dickey.” We might assume that the issues referred to included the matter of the injunction bond which the petitioner stated was given to enable DeMange to proceed with the cutting of the timber. The petitioner was unable, however, to tell us whether any timber was cut thereafter and whether there was in fact any liability under the bond so given. Furthermore, we were not advised as to the amount of the bond, nor given any definite information as to its terms. On the other hand, it is rather definitely shown, by the record that the payment of $10,500 to the bank did cover the obligation of Dickey and Johnson for the balance due on the land. The statement on the check made no mention of the settlement of any issues between the bank and Johnson, but the petitioner stated in his testimony that upon the payment of the amount mentioned he could have had the land deeded to himself if he had sq desired, and in that case the bank must have accepted the $10,500 as satisfaction of the obligation for the balance due on the land purchase. We have no showing whatever of any obligation on the part of the petitioner to satisfy the claims of the bank against his son-in-law, B. G. Dickey, or against Johnson. In fact the testimony of all the parties is to the effect that the purchase of the land in fee from the bank was the independent enterprise of Dickey and Johnson, and that the petitioner had nothing whatever to do with it.
Even though it should be conceded that the obligation under the bond given in the injunction proceedings was such that its satisfaction should properly be classified as an ordinary and necessary business expense or a business loss of the petitioner, there is no basis whatever for any claim or contention that the obligation of Dickey under the foreclosure proceedings constituted such an item to the petitioner, and since it is perfectly clear that Dickey’s obligation with reference to the purchase price of the land was settled by the *701 payment of $10,500 in cash, and there is no evidence whatever to show what portion of the payment, if any, was applicable to the satisfaction of the bond, the determination of the respondent in this proceeding must be sustained.

Judgment will be entered for the respondent for a deficiency in the amount shown by his notice of determination.